# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIMOTHY P. O'BRYAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) 2:13cv0529 |
| | ) **Electronic Filing** |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION

September 16, 2014

**I.     INTRODUCTION**

Plaintiff, Timothy P. O'Bryan ("Plaintiff" or "O'Bryan") brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of the final decision of the Commissioner of Social Security, Carolyn Colvin ("Commissioner" or "Colvin") denying his application for supplemental security income ("SSI") under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 1381-1383f.  Plaintiff protectively filed an application for SSI on December 1, 2010, alleging disability beginning August 1, 2008, due to degenerative disc disease with facet hypertrophy, lateral recess stenosis, neural foraminal narrowing, depressive disorder, anxiety disorder and alcohol dependency.  R. 11, 13.  The application was initially denied on March 4, 2011, and Plaintiff timely requested a hearing.  R. 98-102, 103.

A hearing was held on December 19, 2011, before Administrative Law Judge Margaret L. Knight  (the "ALJ"), and a Vocational Expert ("VE") and Plaintiff, who was represented by counsel, appeared and gave testimony. R. 23-81. The ALJ issued a written decision on January

27, 2012, finding that Plaintiff was not disabled under the Act because he could perform the demands of a limited range of light work. R. 14. Plaintiff timely requested a review of the ALJ's decision to the Appeals Council, which was denied on March 8, 2013, making the ALJ's decision the final decision for judicial review pursuant to 42 U.S.C. § 405. R. 1-7. Plaintiff subsequently filed his appeal with this Court.

The record was developed fully at the administrative level and the parties have filed cross motions for summary judgment. For the reasons set forth below, Plaintiff's motion for summary judgment will be denied, the Commissioner's motion for summary judgment will be granted and final judgment will be entered against Plaintiff and in favor of the Commissioner.

**II.     STATEMENT OF THE CASE**

Plaintiff was born on December 25, 1987, which made him fifty-two (52) years old on the date the application was filed. R. 18. Plaintiff has a tenth grade education, and past relevant work as a forklift operator, sheet rock installer, construction worker and painter. R. 33-43. Plaintiff has a history of alcohol abuse. On September 29, 2010, Plaintiff went to the emergency room (the "ER") of Westmoreland Hospital, where he was diagnosed with "acute intoxication" and "history of suicidal ideation" without attempt. R. 242-244. Plaintiff also presented with symptoms of depression associated with the state of the economy and chronic alcoholism. R. 242. Plaintiff admitted to a heavy alcohol intake, but stated that he was able to function reasonably well. R. 241. Further, Plaintiff admitted that he was not taking his psychiatric medications of Depakote, Buspar, and Zinc. R. 243. He was discharged the same day, given medications to take at home, and advised to follow-up with Steven Mills, M.D. ("Dr. Mills") his primary care physician. R. 248-249.

Plaintiff was admitted for alcohol detoxification two (2) addition times in November of 2010, and left against medical advice during his second admission. R. 16. Plaintiff was admitted for drug and alcohol rehabilitation in December 2010, and again left against medical advice in February 2011. *Id.* In July of 2011, Plaintiff was admitted for treatment for alcohol dependence, and subsequently started living in a halfway house with medication management. *Id.*

Three (3) times between May and July of 2010, Plaintiff reported to the ER complaining of back pain. R. 277, 269, 266. On neurological examination, Plaintiff had no lower extremity weakness or sensory findings, normal muscle strength and tone, and his reflexes were equal and symmetrical. R. 271. Plaintiff had no trouble walking and demonstrated adequate range of motion. *Id.* On neurologic examination, Plaintiff was alert and oriented, and had no motor or sensory deficit. R.277.

On September 29, 2010, Plaintiff had an x-ray of his lumbar spine that showed that: (1) he had no acute fracture; (2) the vertebral bodies were well-aligned; and (3) there was disc space narrowing at each level, with osteophytes. R. 259. The impression was "degenerative changes throughout the lumbar spine as described". *Id.* On December 2, 2011, Plaintiff established care with a new primary care physician, Jennifer Muhly, M.D. ("Dr. Muhly"). R. 307. Dr. Muhly referred Plaintiff for an MRI on December 7, 2011, which showed bulging discs at several levels of the lumbar spine, with no disc herniation. R. 315. Plaintiff's physical examination was unremarkable for any neurological or musculoskeletal problems. R. 307-309.

The ALJ denied Plaintiff's application for SSI benefits pursuant to a finding that although his ability to engage in substantial gainful activity is restricted by limitations resulting from impairments relating to degenerative disc disease with facet hypertrophy, lateral recess stenosis and neural foraminal narrowing, Plaintiff retains the residual functional capacity to perform the

demands of a limited range of light work that will accommodate his need for (1) no climbing steps, ropes, ladders or scaffolds; (2) occasional crouching; (3) no exposure to unprotected heights, dangerous machinery, or extreme cold; (4) walking no more than twenty (20) minutes; (5) limited to simple routine, repetitive tasks involving only simple work-related decisions and relatively few changes in workplace stings; and (6) only occasional interaction supervisors, incidental contact with co-workers and no interaction with the general public. R. 13-15. Because of Plaintiff's treatment for alcohol addiction, the ALJ instructed the VE to consider that the individual was limited to occupations that did not involve the handling, sale, or preparation of alcoholic beverages R.74.

Given the parameters of the hypothetical questions, the VE found that Plaintiff was unable to perform any of his former jobs. *Id.* The VE testified, however, that alternative light, unskilled work existed that the hypothetical individual could perform, including the jobs of labeler/marker, laundry folder, hand packer, and inspector/checker R. 75-76. Plaintiff's application for SSI was, therefore, denied.

**III.   STANDARD OF REVIEW**

This Court's review is plenary with respect to all questions of law. *Schaudeck v. Commissioner of Social Security Administration*, 181 F.3d 429, 431 (3d Cir. 1999). With respect to factual issues, judicial review is limited to determining whether the Commissioner's decision is "supported by substantial evidence." 42 U.S.C. § 405(g); *Adorno v. Shalala*, 40 F.3d 43, 46 (3d Cir. 1994). The Court may not undertake a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190-1191 (3d Cir. 1986). Congress has clearly expressed its intention that "[t]he findings of the

Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988)(internal quotation marks omitted). As long as the Commissioner's decision is supported by substantial evidence, it cannot be set aside even if this Court "would have decided the factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). "Overall, the substantial evidence standard is a deferential standard of review." *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004).

In order to establish a disability under the Act, a claimant must demonstrate a "medically determinable basis for an impairment that prevents him [or her] from engaging in any 'substantial gainful activity' for a statutory twelve-month period." *Stunkard v. Secretary of Health & Human Services*, 841 F.2d 57, 59 (3d Cir. 1988); *Kangas v. Bowen*, 823 F.2d 775, 777 (3d Cir. 1987); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is considered to be unable to engage in substantial gainful activity "only if his [or her] physical or mental impairment or impairments are of such severity that he [or she] is not only unable to do his [or her] previous work but cannot, considering his [or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To support his or her ultimate findings, an administrative law judge must do more than simply state factual conclusions. He or she must make specific findings of fact. *Stewart v. Secretary of Health, Education & Welfare*, 714 F.2d 287, 290 (3d Cir. 1983). The administrative law judge must consider all medical evidence contained in the record and provide adequate

explanations for disregarding or rejecting evidence. *Weir on Behalf of Weir v. Heckler*, 734 F.2d 955, 961 (3d Cir. 1984); *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981).

The Social Security Administration ("SSA"), acting pursuant to its legislatively-delegated rulemaking authority, has promulgated a five-step sequential evaluation process for the purpose of determining whether a claimant is "disabled" within the meaning of the Act. The United States Supreme Court recently summarized this process by stating as follows:

> If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further. At the first step, the agency will find non-disability unless the claimant shows that he is not working at a "substantial gainful activity." [20 C.F.R.] §§ 404.1520(b), 416.920(b). At step two, the SSA will find non-disability unless the claimant shows that he has a "severe impairment," defined as "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." §§ 404.1520(c), 416.920(c). At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled; if so, the claimant qualifies. §§ 404.1520(d), 416.920(d). If the claimant's impairment is not on the list, the inquiry proceeds to step four, at which the SSA assesses whether the claimant can do his previous work; unless he shows that he cannot, he is determined not to be disabled. If the claimant survives the fourth stage, the fifth, and final, step requires the SSA to consider so-called "vocational factors" (the claimant's age, education, and past work experience), and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. §§ 404.1520(f), 404.1560(c), 416.920(f), 416.960(c).

*Barnhart v. Thomas*, 540 U.S. 20, 24-25, 124 S.Ct. 376, 157 L.Ed.2d 333 (2003)(footnotes omitted). Factual findings pertaining to all steps of the sequential evaluation process are subject to judicial review under the "substantial evidence" standard. *McCrea v. Commissioner of Social Security*, 370 F.3d 357, 360-361 (3d Cir. 2004).

In an action in which review of an administrative determination is sought, the agency's decision cannot be affirmed on a ground other than that actually relied upon by the agency in making its decision. In *Securities & Exchange Commission v. Chenery Corp.*, 332 U.S. 194, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947), the Supreme Court explained:

> When the case was first here, we emphasized a simple but fundamental rule of administrative law. That rule is to the effect that a reviewing court, in dealing with a determination or judgment which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency. If those grounds are inadequate or improper, the court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis. To do so would propel the court into the domain which Congress has set aside exclusively for the administrative agency.

*Chenery Corp.*, 332 U.S. at 196. The United States Court of Appeals for the Third Circuit has recognized the applicability of this rule in the Social Security disability context. *Fargnoli v. Massanari*, 247 F.3d 34, 44, n. 7 (3d Cir. 2001). Thus, the Court's review is limited to the four corners of the ALJ's decision. *Cefalu v. Barnhart*, 387 F.Supp.2d 486, 491 (W.D. Pa. 2005).

IV. **DISCUSSION**

Within the meaning of social security law, a "disability" is defined as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment, which can be expected to result in death, or which has lasted or can be expected to last, for a continuous period of not less than 12 months. 42 U.S.C. § 423(d)(1)(A). To be found disabled, an individual must have a "severe impairment" which precludes the individual from performing previous work or any other "substantial gainful activity which exists in the national economy." 20 C.F.R. § 404.1505.

I. <u>ALJ's Disregard of Physician Opinions</u>

Plaintiff initially contends that the ALJ erred in failing to give proper weight to an examining physician. Specifically, Plaintiff directs this Court to the opinion of Daniel Palmer, Ph.D. ("Dr. Palmer"), a clinical psychologist, who examined Plaintiff on January 31, 2011, at the request of the Pennsylvania Bureau of Disability Determination, acting on behalf of the Social

7

Security Administration. R. 285. Plaintiff related a history of chronic problems with depression, with suicidal ideation, sleep disturbance, social avoidance and feelings of worthlessness, as well as high anxiety. R. 285-286.

Dr. Palmer's diagnostic impressions were Major Depressive Disorder, Recurrent, Moderate; Panic Disorder; Alcohol Dependence, In Remission; Status Post Head Injury; Chronic Back and Right Leg Pain; Reported Problems with Balance; and Reported Hearing Loss. He regarded the prognosis for positive change to be "very poor, related to the chronic psychiatric symptomatology, and the untreated somatic complaints." R. 287-288. The ALJ, however rejected Dr. Palmer's report stating:

> As for the opinion evidence, the undersigned has considered the opinion of consultative examiner Dr. Palmer but gives this opinion little weight.
> First, it is noted that the consultative examination was performed while claimant was in an alcohol rehabilitation program, which subsequently proved to be unsuccessful, and while attempting to cope without alcohol. Further, Dr. Palmer's opinion is clearly based primarily on the claimant's subjective complaints rather than on objective findings, as his report notes primarily subjective reports. Further, the few objective findings documented by Dr. Palmer do not support the degree of limitation he assessed in his opinion.

R. 17.

Generally, "opinions of a claimant's treating physician are entitled to substantial and at times even controlling weight." *Fargnoli v. Halter*, 247 F.3d 34, 43 (3d Cir. 2001) (citing 20 C.F.R. § 404.1527(d)(2)). It is the ALJ, however, not the treating or examining physicians or State agency consultants that must make the ultimate disability and RFC determinations. *See* 20 C.F.R. §§ 404.1527(e)(1), 404.1546(c). Although the opinions of treating and examining physicians often deserve more weight than the opinions of doctors who review records, the Third Circuit clearly holds that "the opinion of a treating physician does not bind the ALJ on the issue of functional capacity." *Brown v. Astrue*, 649 F.3d 193, 197 n.2 (3d Cir. 2011) *see also* 20 C.F.R.

8

§ 404.1527(d)(1)–(2). State agent opinions also merit significant consideration. *See* SSR 96-6p, 1996 SSR LEXIS 3 ("Because State agency medical and psychological consultants . . . are experts in the Social Security disability programs, . . . 20 C.F.R. §§ 404.1527(f) and 416.927(f) require [ALJs] . . . to consider their findings of fact about the nature and severity of an individual's impairment(s) . . . ."). *See also Chandler v. Commissioner of Social Security*, 667 F.3d 356, 361 (3d Cir. 2011).

Dr. Palmer's clinical findings actually support the ALJ's determination that Plaintiff could perform simple, repetitive, unskilled work. Dr. Palmer's examination revealed the following: (1) Plaintiff could perform serial sevens, which is a test of concentration; (2) Plaintiff was also able to perform simple problems involving multiplication and division, and to recall five digits forwards, a test of concentration and memory; (3) Plaintiff's thought processes were slow and concrete, but without any evidence of loose associations, delusions, or other psychotic processes; and (4) Plaintiff's receptive and expressive speech functions appeared intact. R. 286-287.

As an initial matter, Dr. Palmer was not a "treating physician." He is clinical psychologist who conducted a referral examination. R. 385. Moreover, the ALJ offered reasons consistent with the regulations governing the evaluation of medical source opinions for not giving significant weight to this opinion. *See* 20 C.F.R. § 416.927. Further, Dr. Palmer's assessment occurred during Plaintiff's treatment for withdrawal from alcohol addiction. R. 16-17. In December of 2011, after a period of abstinence of five months, and compliance with medication, Dr. Muhly, Plaintiff's primary care physician, found that Plaintiff's appearance, attitude, and behavior were normal. R. 308.

9

Additionally, on February 7, 2011, Plaintiff was subject to a mental functional capacity assessment by state agency psychological consultant, Jan Melcher, Ph.D. ("Dr. Melcher"). R. 92-96. The ALJ found such assessment consistent with the few documented objective findings of record and was largely consistent with Plaintiff's testimony *Id.* Dr. Melcher considered the report of Dr. Palmer and noted that his opinion was an overestimate of the severity of Plaintiff's functional restrictions. R. 94. Dr. Melcher found that Plaintiff could understand, retain, and follow simple job instructions, i.e., perform one and two-step tasks. R.93. Consistent with Third Circuit precedent, the ALJ was relied upon the opinion of a state agency reviewing physician to support his RFC assessment. *See Chandler v. Commissioner of Social Security*, 667 F.3d 356, 361 (3d Cir. 2011). Accordingly, this Court finds no merit to Plaintiff's contention that the ALJ improperly rejected opinion evidence from an examining physician.

II.     The ALJ's RFC Assessment

Plaintiff next argues that the ALJ's RFC assessment was not supported by substantial evidence. With respect to RFC assessments,[1] ALJ's are not required to include every alleged limitation in their hypotheticals and RFC assessments; their responsibility is to "accurately convey" only "credibly established limitations" which "are medically supported and otherwise uncontroverted in the record." *Rutherford v. Barnhart*, 399 F. 3d 546, 554 (3d Cir. 2003). An RFC assessment is not a medical assessment, but an administrative finding reserved to the Commissioner. 20 C.F.R. §§ 404.1527(e), 416.927(e) (2006); SSR 96-5p, 1996 SSR LEXIS 2. The responsibility of assessing a claimant's RFC rests with medical experts at the state agency

---

[1] A claimant's residual functional capacity is only assessed once. *Her v. Commissioner of Social Security,* 203 F.3d 388, 391-392 (6th Cir. 1999). The same residual functional capacity assessment is used at the fourth and fifth steps of the sequential evaluation process. 20 C.F.R. §§ 404.1545(a)(5)(i)-(ii), 416.945(a)(5)(i)-(ii). Therefore, the testimony elicited by a single hypothetical question may relate to both the fourth and fifth steps.

level, with the ALJ at the administrative hearing level, or with the Appeals Council. *Id.* The ALJ is required to conduct an independent analysis of the relevant evidence and develop an appropriate RFC based upon that evidence. 20 C.F.R. §§ 404.1545, 416.945. It is the ALJ's exclusive duty, as fact finder, to make an RFC assessment. 20 C.F.R. §§ 404.1546(c), 416.946(c); *see Richardson v. Perales*, 402 U.S. 389, 399 (1971)(recognizing that the duty to weigh the evidence rests with the trier of fact, not the reviewing court).

Here, there is no merit to Plaintiff's contention that the record fails to support the ALJ's RFC assessment. The ALJ determined that Plaintiff retained the residual functional capacity to perform the demands of a limited range of light work that accommodated his need for (1) no climbing steps, ropes, ladders or scaffolds; (2) occasional crouching; (3) no exposure to unprotected heights, dangerous machinery, or extreme cold; (4) walking no more than twenty (20) minutes; (5) limited to simple routine, repetitive tasks involving only simple work-related decisions and relatively few changes in workplace stings; and (6) only occasional interaction supervisors, incidental contact with co-workers and no interaction with the general public. R. 13-15.

The ALJ's accommodation for sitting and standing certainly appears generous in view of the fact that Plaintiff testified at the hearing that he was able to stand for two hours before he had to sit down, and sit for an hour and a half before he had to stand up. R. 45. During his three (3) ER visits due to back pain, Plaintiff had no lower extremity weakness or sensory findings, he had normal muscle strength and tone, and his reflexes were equal and symmetrical. R. 271. Plaintiff had no trouble walking and demonstrated adequate range of motion. *Id.* Plaintiff's test of straight leg-raising was negative, indicating no sign of disc herniation and he denied radicular symptoms R. 266, 270. Moreover, the diagnostic MRI scan in December of 2011, showed no

herniation, and Dr. Muhly's physical examination was unremarkable for any neurological or musculoskeletal problems. R. 10, 315. With regard to Plaintiff's RFC lifting requirement, he admitted at the hearing that he was able to lift ten (10) pounds. R. 54. In fact, no physician of record, including Plaintiff's primary care physician, Dr. Muhly, imposed any greater lifting restrictions R. 307-311.

Similarly, the record is replete with evidence that the ALJ accommodated Plaintiff's depression, anxiety and alcoholism. The ALJ restricted Plaintiff's work to simple, routine, repetitive tasks in a low-stress environment that involved only simple work-related decisions, few changes in the workplace, and no more than occasional interaction with supervisors and co-workers. Plaintiff was also restricted to no interaction with the general public. R. 13-15. David T. Anthony, M.D. ("Dr. Anthony"), an examining psychiatrist, noted that Plaintiff's thought processes were coherent, and that his insight and judgment were intact. R. 300. Dr. Anthony also noted that Plaintiff denied any history of frank psychosis independent of active substance abuse. *Id.* The medical evidence of record supports the ALJ's finding that Plaintiff did not have a mental impairment that would preclude him from performing unskilled work.

The ALJ found that Plaintiff's alcohol dependency was in remission, and, in an abundance of caution restricted Plaintiff from working in occupations that involved handling, sale, or preparation of alcoholic beverages R. 13, 15. To the extent that Plaintiff is alleging that he is disabled by drug or alcohol use, he is not entitled to benefits on that basis after the Social Security Act was amended to preclude an award of benefits when drug and alcohol use is material to a finding of disability.[2]

---

2   Under the 1996 amendments to the Social Security Act, disability benefits cannot be awarded if alcohol or drug addiction is a contributing factor material to a determination of disability. 42 U.S.C. §1382c(a)(3)(J).

Finally, Plaintiff contends that the ALJ did not give sufficient credibility to his subjective complaints, including his ability to lift twenty pounds. Pursuant to the regulations, however, the ALJ considered the extent to which Plaintiff's complaints were supported or contradicted by the objective evidence in the record. *See* 20 C.F.R. § 416.929(a). As the fact finder, the ALJ has an obligation to weigh all the facts and evidence of record and may accept or reject any evidence if the ALJ explains the reasons for doing so. *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999). This includes crediting or discounting a claimant's complaints of pain and/or subjective description of the limitations caused by his or her impairments. *Van Horn v. Schweiker*, 717 F.2d 871, 873 (3d Cir. 1983); *Hartranft v. Apfel*, 181 F.3d 358, 362 (3d Cir. 1999).

The ALJ is permitted to make assessments about and assign weight to the evidence before him, so long as the determinations are appropriately explained and supported by substantial evidence. The ALJ did so here in evaluating the medical evidence and then provided the vocational expert with the appropriate hypotheticals in line with his discretionary interpretation of the evidence. Accordingly, the Court finds substantial evidence to support the ALJ's findings leading to a determination that Plaintiff was not disabled.

V. CONCLUSION

Based on the foregoing, Defendant's Motion for Summary Judgment will be granted. Plaintiff's Motion for Summary Judgment will be denied. The decision of the ALJ is affirmed. An appropriate Order follows.

s/David Stewart Cercone
David Stewart Cercone
United States District Judge

cc: Robert Savoy, Esquire
Christy Wiegand, AUSA

(*Via CM/ECF Electronic Mail*)